IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


CHARLIE ROBINSON,

    Plaintiff,

vs.                                        Case No. 4:07cv101-RH/WCS

JAMES McDONOUGH, et al.,

    Defendants.

                                /


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff has paid the assessed initial partial filing fee, doc. 6, and the complaint has now been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff alleges he entered the Department of Corrections' custody on July 30, 1992, to serve a ten-year sentence, with 50 days jail credit. Doc. 1, p. 9. Apparently, Plaintiff accepted a plea agreement and claims he did so because the "laws in effect at that time allowed Plaintiff to earn 20 days per month incentive gain time" and another 10 days per month of basic gain time. *Id.*, *citing* FLA. STAT. § 944.275(4)(A). Upon entering

the Department's custody, prison officials calculate a tentative release date for an inmate by awarding the 10-days of basic gain time in one lump sum.  Doc. 1.  Plaintiff contends that resulted in reducing his sentence by 1,200 days.[1]  *Id.*, at 10.  As the prisoner then earns incentive gain time, his tentative release date is advanced until he is released from custody and "placed on conditional release, no control release."  *Id.*

If a conditional released prisoner is returned to custody, then Plaintiff states that the amount of gain time previously deducted from their sentence is added back in to establish a new sentence expiration date.  *Id.*, at 11.  Additionally, if an offender is released on control release and violates the "terms and conditions of control release, such offender " is subject to being returned to prison and the forfeiture of gain time.  *Id.*, at 12.  In other words, previously awarded gain time is forfeited when an inmate is returned to prison after having been released early on either conditional release or control release.

Plaintiff alleges that before he "could earn enough gain time to be released on conditional release . . . to ease overcrowding the Plaintiff was placed on control release or parole to complete his sentence."  *Id.*, at 11.  Plaintiff was released on September 14, 1993, after having served only fifteen months of his ten-year sentence.  *Id.*, at 12.  Plaintiff contends that during this time, he "could only have earned approximately 150 days gain time" during this 15-month period of incarceration.  *Id.*  However, he alleges that Defendants "forfeited the entire amount of basic gain time of 1,200 days that can be earned on a 10 year sentence that was applied in advance to Plaintiff [sic] sentence to

---

[1] It appears that Plaintiff's sentence expiration date was July 30, 2002, *prior* to the deduction of 1,200 days of basic gain time.

set a tentative release date before it was earned, under the assumption that eventually Plaintiff would earn and be released on this gain time deducted from his sentence of conditional release." *Id.*, at 13. Plaintiff claims that only earned gain time can be forfeited, "not gain time applied in advance to set a tentative release date before it is earned." *Id.*, at 14.

"Plaintiff violated his control release and was returned to custody December 9, 2000, after 7 years on control release, September 14, 1993, to December 9, 2000." *Id.*, at 16. Plaintiff claims the Defendants have incorrectly extended his sentence by seven years, "the amount of time Plaintiff was on control release." *Id.* He claims he could not have earned seven years of gain time in the only fifteen months he was incarcerated. *Id.*, at 16-17.

Plaintiff alleges a due process violation and "cruel and unusual punishment" in "the wrong and improper penalization of a control release or a parole revocation . . . ." *Id.*, at 19. He seeks declaratory and injunctive relief," including preliminary and permanent injunctions. *Id.*, at 20. Plaintiff further requests compensatory and punitive damages. *Id.*, at 21.

There are primarily two reasons this action cannot proceed. First, a federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188, *citing* Baker v. Gulf

& Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir.1988).  Plaintiff's claims are barred by the statute of limitations and must be dismissed.

Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law.  Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*

Plaintiff alleges that he was returned to prison in December, 2000.  That is when the gain time was allegedly forfeited and a new release date established.  Plaintiff knew well over four years ago that the gain time was forfeited and that is when Plaintiff was aware of his alleged injury.  Accordingly, his claims are barred and this action must be dismissed.

The second reason this case may not proceed is that Plaintiff's claims must be brought through habeas corpus proceedings.  There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement."  Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also* Hill v. McDonough, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006)(holding that challenge to lethal injection procedures may be brought in § 1983 action).  Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release . . . ." Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).  Where a litigant is not challenging the fact or duration of confinement, but rather the conditions of that confinement, then civil rights is the proper avenue of relief.  *See* Porter v. Nussle, 122

S.Ct. 983, 989, 122 S.Ct. 983, 990, 152 L.Ed.2d 12 (2002), *citing* McCarthy v. Bronson, 500 U.S. 136, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991) and Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).  Prisoners may not seek to reduce a period of confinement through a civil rights action.  Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; Heck, 114 S. Ct. at 2372.  "Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action."  Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

Plaintiff's claim is that the length of his incarceration has been unlawfully extended.  Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief.  If this Court were to find that Plaintiff is being unlawfully held, Plaintiff would be entitled to either immediate or speedier release from prison.  That kind of relief is not available in a civil rights case.   Thus, this § 1983 action should be dismissed.

Accordingly, it is **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the claims are barred by the statute of limitations, and it is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 4, 2007.

                                          **s/    William C. Sherrill, Jr.**
                                          **WILLIAM C. SHERRILL, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**